**Grant & Eisenhofer P.A.**

485 Lexington Avenue, 29th Floor, New York, NY 10017     tel: 646.722.8500   fax: 646.722.8501

123 Justison Street
7th Floor
Wilmington, DE 19801
tel: 302.622.7000
fax: 302.622.7100

30 N. LaSalle Street
Suite 2350
Chicago, IL 60602
tel: 312.610.5350
fax: 312.214.0001

505 20th Street N
Suite 1450
Birmingham, AL 35203
tel: 205.453.6415
fax: 205.718.7688

One Market Street
Spear Tower, 36th Floor
San Francisco, CA 94105
tel: 415.293.8210
fax: 415.789.4367

www.gelaw.com

Daniel L. Berger
Director
Tel: 646-722-8522
dberger@gelaw.com

February 1, 2021

Hon. Lorna G. Schofield
United States District Court
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re: *Sean Flynn, et al. v. McGraw Hill, LLC*, 1:21-cv-00614-LGS

Dear Judge Schofield,

      We represent plaintiffs Sean Flynn, Dean Karlan and Jonathan Morduch (collectively, "Plaintiffs") in the above-referenced matter. I write pursuant to the Court's Order dated January 27, 2021, ECF No. 5, directing Plaintiffs to provide information concerning "the precise basis for subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), stating the relevant facts (including the 'citizenship' of all relevant parties), citing applicable sections of 28 U.S.C. § 1332(d)(2), and addressing whether a limited liability company is an 'unincorporated association' pursuant to subsection 10."

      As the Court knows, the Class Action Fairness Act ("CAFA") confers federal jurisdiction over:

> Any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which –
>
> (A)   any member of a class of plaintiffs is a citizen of a State different from any defendant;
> (B)   any member of a class of plaintiffs is foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or
> (C)   any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

28 U.S.C. § 1332(d)(2). This Court has jurisdiction over this class action under 28 U.S.C. § 1332(d)(2)(A): all three named Plaintiffs in this action are citizens of a state different from the sole defendant, McGraw Hill, LLC ("McGraw Hill").

McGraw Hill is a Limited Liability Company ("LLC") and thus is an "unincorporated association" pursuant to 28 U.S.C. § 1332(d)(10). *Claridge v. North American Power & Gas, LCC*, 2015 WL 5155934, at *2 (S.D.N.Y. Sept. 2, 2015) (holding that an LLC is an unincorporated association for purposes of determining CAFA jurisdiction). Unincorporated associations are deemed to be citizens of the state where they have their principal place of business and the state where they are formed. 28 U.S.C. § 1332(d)(10); *Claridge*, 2015 WL 5155934, at *2. The *Claridge* court expressly rejected the argument that, for purposes of CAFA, the citizenship of an LLC is determined by the citizenship of its individual members. *Id.* at *1 (citing *Siloam Springs Hotel LLC v. Century Surety Co.*, 781 F.3d 1233, 1237 & n.1 (5th Cir. 2015) and *Ferrell v. Express Check Advance of South Carolina LLC*, 591 F.3d 698, 700, 701 (4th Cir. 2010)).

McGraw Hill maintains its headquarters in New York and is formed under the laws of Delaware. Class Action Complaint, ECF No. 1, at ¶ 16. None of the three named Plaintiffs are citizens of Delaware or New York. Mr. Flynn is a citizen of Nevada (*id.* at ¶ 13); Mr. Karlan is a citizen of Illinois (*id.* at ¶14); and Mr. Morduch is a citizen of New Jersey (*id.* at ¶ 15). Thus, there is diversity of citizenship between McGraw Hill and the named Plaintiffs, and subsection 1332(d)(2)(A) is satisfied.

Further, CAFA requires a Court to decline to exercise jurisdiction over a class action in which "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). Here, on information and belief, less than two-thirds of the members of the proposed class are citizens of New York, where the action was originally filed. The Complaint alleges that McGraw Hill publishes works of more than 14,000 authors, Complaint at ¶ 22, and that it is one of only a few publishers who dominate the textbook publishing industry, *id.* at ¶ 26. It further alleges that "[t]he authors whose textbooks McGraw Hill publishes come from a variety of academic institutions, ranging from the most selective and elite universities to local community colleges." *Id.* at ¶ 28. Based on these facts, Plaintiffs have a good faith belief that fewer than two-thirds of the members of the proposed class are citizens of New York. Plaintiffs are not required to offer additional evidence on this point at this stage. *See McCracken v. Verisma Systems, Inc.*, 2017 WL 2080279, at *2 (W.D.N.Y. May 15, 2017) *citing Vodenichar v. Halcon Energy Properties, Inc.*, 733 F.3d 497, 503 (3d Cir. 2013) (holding that a party seeking to invoke the home-state exception "bears the burden of proving by a preponderance of evidence that the exception applies.").

Finally, this action meets the two additional requirements of CAFA. The amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d)(2); Complaint ¶ 6. See *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014) ("[w]hen a plaintiff invokes federal-court jurisdiction, the plaintiff's amount-in-controversy allegation is accepted if made in good faith;" *see also*, *Egleston v. Valspar Corp.*, 2015 WL 6508329, at *3 (S.D.N.Y. Oct. 13, 2015) (holding that Defendants may simply "allege or assert" that the CAFA amount in controversy is met). Further, there are more than 100 members of the proposed class. 28 U.S.C. § 1332(d)(5); Complaint ¶ 73 (alleging that Plaintiffs believe the class members number more than one thousand).

We are available at the Court's convenience to address these, or any other questions that the Court may have.

                                      Sincerely yours,

                                      /s/ Daniel L. Berger
                                        Daniel L. Berger

cc.: Catherine Williams
      Patterson Belknap Webb & Tyler LLP
      1133 6th Ave, #22,
      New York, NY 10036
      cawilliams@pbwt.com