UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SEAN FLYNN, DEAN KARLAN, JONATHAN MORDUCH, DAVID MYERS and JEAN TWENGE, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br> -against-<br><br>MCGRAW HILL LLC and<br>MCGRAW HILL EDUCATION, INC.,<br><br>        Defendants. | Civ. No. 1:21-cv-0614-LGS<br>Civ. No. 1:21-cv-1141-LGS<br><br>**STIPULATED PROTECTIVE ORDER** |

**LORNA G. SCHOFIELD, United States District Judge.**

The Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, and the parties having stipulated to the following provisions, it is hereby ORDERED that any person subject to this Order – including without limitation the parties to this action, their attorneys, representatives, agents, experts and consultants, acting as such, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order shall adhere to the following terms, upon pain of contempt:

**Discovery Materials May Be Designated as Confidential**

1. Any person subject to this Order who receives from any other person any "Discovery Material" (*i.e.*, information of any kind provided in the course of discovery in this action) that is designated as "Confidential" or "Highly Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

12935740

2. Either party may designate Documents produced, or Testimony given, in connection with this action as "Confidential" or "Highly Confidential," either by notation on the document, statement on the record of the deposition, written advice to the respective undersigned counsel for the parties hereto, or by other appropriate means.

3. As used herein:

   (a) "Confidential Information" shall mean all Documents and Testimony, and all information contained therein, and other information designated as confidential, if such Documents or Testimony contain trade secrets, proprietary business information, competitively sensitive information, or other non-public information the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to the conduct of that party's business, commercial, financial, or personal interests or cause the Producing party to violate his, her, or its privacy or confidentiality obligations to others.

   (b) "Producing party" shall mean the parties to this action and any third-parties producing "Confidential Information" in connection with depositions, document production or otherwise, or the party asserting the confidentiality privilege, as the case may be.

   (c) "Receiving party" shall mean the party to this action and/or any non-party receiving "Confidential Information" in connection with depositions, document production or otherwise.

4. The person producing Discovery Material may designate as "Confidential" any

portion thereof that contains non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or would likely, in the good faith opinion of the Producing party, seriously harm the Producing party's business, commercial, financial, or personal interests or cause the Producing party to violate his, her, or its privacy or confidentiality obligations to others. Where the confidential portion is reasonably separable from the non-confidential portion, via redaction or otherwise, only the confidential portion shall be so designated.

5. With respect to the confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing party or that party's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the document or protected portion in a manner that will not interfere with legibility or audibility. Deposition testimony may be designated as "Confidential" either on the record during the deposition or in writing within five (5) business days of receipt of the transcript. If so designated, the final transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

6. If at any time prior to the trial of this action, a Producing party realizes that some portion of Discovery Material that that person previously produced without limitation should be designated as "Confidential," the Producing party may so designate that portion by promptly notifying all parties in writing. Such designated portion of the Discovery Material will thereafter be treated as Confidential under the terms of this Order. In addition, the Producing party shall

provide each other party with replacement versions of such Discovery Material that bears the "Confidential" designation within two (2) business days of providing such notice.

**Who May Receive Confidential Materials**

    7.    No person subject to this Order, other than the Producing party, shall disclose any Confidential Discovery Material to any other person whomsoever, except to:

    (a)    the parties to this action;

    (b)    outside counsel of record in this action and any paralegal, clerical or other assistant employed by such counsel and reasonably necessary to assist such counsel in the litigation of this action;

    (c)    the author(s) and addressee(s) of any document, any person shown on the face of the document as having received a copy, and any current officer or employee of the Producing party.

    (d)    any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto ("Exhibit A");

    (e)    any person retained by a party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed Exhibit A;

    (f)    stenographers and video technicians engaged to transcribe or record depositions conducted in this action;

    (g)    independent photocopying, graphic production services, or other litigation

        support services employed by the parties or their counsel to assist in this action, including computer service personnel performing duties in relation to a computerized litigation system;

(h)    the Court and its staff; and

(i)    any other person whom the Producing party agrees in writing may have access to Confidential Discovery Material.

8.    Prior to the disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 7(d) or 7(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign Exhibit A, stating that that person has read this Order and agrees to be bound by its terms. Counsel shall retain each signed Non- Disclosure Agreement.

**Confidential or Highly Confidential Documents**

9.    Counsel for any party may designate any document or information, in whole or in part, as Highly Confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise extremely sensitive, highly confidential non-public information, the disclosure of which to an opposing party would create a substantial risk of competitive or business injury to the disclosing party ("Highly Confidential Information"). Information and documents designated by a party under this classification will be stamped "HIGHLY CONFIDENTIAL."

10.    Other than as set forth below, all restrictions and procedures set forth in the Order with respect to documents and information designated CONFIDENTIAL shall also apply to Highly Confidential Information.

12935740

11. The parties agree that the scope of disclosure for Confidential information set out in Paragraph 7 of the Order shall not apply to Highly Confidential Information. Instead, all Highly Confidential Information shall not be disclosed by the receiving party to any person, except:

   (a) Outside counsel for the receiving party;

   (b) Employees of such counsel assigned to and necessary to assist in the litigation;

   (c) Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

   (d) The Court (including the mediator, *and its staff* or other person having access to any Confidential Information by virtue of his or her position with the Court).

12. The parties further agree that information designated as either CONFIDENTIAL or HIGHLY CONFIDENTIAL may be shown to a current officer or employee of the disclosing party at any deposition of such an officer, employee, or party, and to persons shown on the face of the document to have authored the document or received it prior to commencement of this action, at any deposition of such person. Information designated as CONFIDENTIAL may be shown at the deposition of any other persons only if counsel believes, in good faith, that tendering the document is necessary to elicit testimony relevant to the matters at issue in this case, and provided that the witness has executed Exhibit A.

13. The parties further agree that information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL may be shown to the officer taking, reporting, or videotaping a deposition and employees of such officer to the extent necessary to

        prepare the transcript of the deposition, provided that such individuals are bound to protect confidential information either by their services contract with counsel or by execution of Exhibit A.

14. The parties further agree that information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL may be shown to employees of any copying, imaging, computer services, and/or litigation support services hired by the receiving party in connection with the litigation of this action, to the extent those individuals are bound to protect confidential information either by their services contract with counsel or by execution of Exhibit A.

15. The parties further agree that all or any portion of the transcript(s) of any deposition in this action shall be subject to the terms of the Order and this stipulation, and can be designated CONFIDENTIAL or HIGHLY CONFIDENTIAL by any party.  Such a designation may be made either at the deposition or within seven days of receipt of the transcript of the deposition. Any notice provided of such a designation within seven days of receipt of the transcript shall be provided to counsel for the other party in writing, email being sufficient, and shall specify that portion of the deposition transcript to be designated CONFIDENTIAL or HIGHLY CONFIDENTIAL.  Attorneys for the parties shall treat any deposition transcript as CONFIDENTIAL until such seven-day period for notice has elapsed. If Highly Confidential Information was introduced as an exhibit at a deposition, attorneys for the parties shall treat the deposition transcript as HIGHLY CONFIDENTIAL until such seven-day period for notice has elapsed.

**Filing Confidential or Highly Confidential Materials in this Action**

16. Any person who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon the designating person and all other parties a written notice stating with particularity the grounds of the objection. If agreement cannot be reached promptly, counsel for all affected persons shall request a joint telephone call with the Court to obtain a ruling. The burden shall be on the Producing party to show why its classification is proper.

17. Documents comprising or containing Confidential or Highly Confidential Information may be filed under seal only as provided in Judge Schofield's Individual Rule I.D.3. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material was previously designated as Confidential or sealed during pretrial proceedings.

18. Each person who has access to Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

**Inadvertent Disclosure of Privileged Materials**

19. If, in connection with this litigation, and despite having taken reasonable steps to prevent the disclosure of information that it claims is subject to a claim of attorney-client privilege or attorney work product, a Producing party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed

Information and its subject matter.

20. If a disclosing person makes a claim of inadvertent disclosure, all receiving persons shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

21. Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing person shall produce a privilege log with respect to the Inadvertently Disclosed Information.

22. If a receiving person thereafter moves the Court for an order compelling production of the Inadvertently Disclosed Information, that motion shall be filed under seal, and shall not assert as a ground for entering such an order the mere fact of the inadvertent production. The disclosing person retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

**Termination of the Litigation**

23. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Confidential Discovery Material and all copies thereof, shall be promptly returned to the Producing party or destroyed. Notwithstanding the foregoing, outside counsel of record shall be entitled to maintain copies of all pleadings, expert reports, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts

(and exhibits thereto), trial transcripts and hearing transcripts, and exhibits offered or introduced into evidence at any hearing or trial, emails and their attachments, and their attorney work product which refers or is related to any Confidential Discovery Material for archival purposes only. Any such archived copies that contain or constitute Confidential Discovery Material remain subject to this Order and shall be maintained in confidence by outside counsel for the party retaining the materials.

24. During the pendency of this case only, this Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

25. The parties acknowledge that the Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the parties have redacted, sealed or designated as confidential.

**SO STIPULATED.**

| Attorneys for Plaintiffs: | Attorneys for Defendants: |
|---|---|
| /s/ Caitlin Moyna | /s/ Catherine A. Williams |
| Dated:   8/13/2021 | Dated:   8/13/2021 |
| **GRANT & EISENHOFER, P.A.** | Saul B. Shapiro |
| Daniel L. Berger | Catherine A. Williams |
| Caitlin M. Moyna | Peter A. Nelson |
| 485 Lexington Avenue | Patterson Belknap Webb & Tyler LLP |
| New York, NY 10017 | 1133 Avenue of the Americas |
| dberger@gelaw.com | New York, NY 10036 |
| cmoyna@gelaw.com | |

The parties are advised that the Court retains discretion as to whether to afford confidential treatment to redacted information in Orders and Opinions.

So Ordered.
Dated: August 16, 2021
       New York, New York

_/s/ Lorna G. Schofield_
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

10

**SUSMAN GODFREY L.L.P.**
Chanler A. Langham
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
clangham@susmangodfrey.com

Steven G. Sklaver
Rohit D. Nath
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
ssklaver@susmangodfrey.com
rnath@susmangodfrey.com

Tamar Lusztig
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
tlusztig@susmangodfrey.com

Alexander W. Aiken
1201 Third Avenue, Suite 3800
Seattle, WA 98101
aaiken@susmangodfrey.com

11

12935740

**Exhibit A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SEAN FLYNN, DEAN KARLAN, JONATHAN MORDUCH, DAVID MYERS and JEAN TWENGE, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br> -against-<br><br>MCGRAW HILL LLC and<br>MCGRAW HILL EDUCATION, INC.,<br><br>        Defendants. | Civ. No. 1:21-cv-0614-LGS<br>Civ. No. 1:21-cv-1141-LGS<br><br>**NON-DISCLOSURE AGREEMENT** |

    I, _____[print name], acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

    Dated:_____                 _____
                                                               [Signature]

12935740