UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SEAN FLYNN, et al., <br><br>　　　　Plaintiffs, <br><br>　-against- <br><br>McGRAW HILL LLC, <br><br>　　　　Defendant. | 21-CV-614 (LGS) (BCM) |
| DAVID MYERS, et al., <br><br>　　　　Plaintiffs, <br><br>　-against- <br><br>McGRAW HILL EDUCATION, INC., <br><br>　　　　Defendant. | 21-CV-1141 (LGS) (BCM) <br><br>**DISCOVERY ORDER** |

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons discussed on the record during today's telephonic conference, it is hereby ORDERED that:

1. **Additional Custodian**. Defendants shall include Michael Ryan as a custodian for discovery purposes. Defendants shall search Mr. Ryan's custodial files and produce all responsive, non-privileged documents therefrom no later than **November 8, 2021**. Defendants need not treat Simon Allen as a custodian.

2. **Revised Privilege Log**. Defendants shall produce a revised privilege log no later than **November 8, 2021**.

    a.  Under New York law, the party asserting the attorney-client privilege bears the burden of establishing each element of the privilege, including "the existence of an attorney-client relationship, a communication made within the context of that relationship for the purpose of obtaining legal advice, and the intended and actual confidentiality of that communication." *Bowne of New York City, Inc. v. AmBase Corp.*, 161

F.R.D. 258, 264 (S.D.N.Y. 1995) (citing *People v. Osorio,* 75 N.Y.2d 80, 82-84, 550 N.Y.S.2d 612, 614-15 (1989)); *see also* N.Y.C.P.L.R. (CPLR) § 4503(a)(1). If the attorney has both business and legal responsibilities (as is frequently the case when an in-house lawyer is consulted), the proponent of the privilege must show that he or she was consulted "for the purpose of obtaining legal advice or services." *Priest v. Hennessy*, 51 N.Y.2d 62, 68-69, 431 N.Y.S.2d 511, 514 (1980); *see also Spectrum Sys. Int'l Corp. v. Chem. Bank*, 78 N.Y.2d 371, 379, 575 N.Y.S.2d 809, 815 (1991). Moreover, "[n]ot all communications to an attorney are privileged. In order to make a valid claim of privilege, it must be shown that the information sought to be protected from disclosure was a 'confidential communication' made to the attorney for the purpose of obtaining legal advice or services." *Priest*, 51 N.Y.2d 62 at 69, 431 N.Y.S.2d at 514 (internal quotation omitted). If the communication is not "primarily or predominantly of a legal character," *Spectrum Sys.*, 78 N.Y.2d at 377-78, 575 N.Y.S.2d at 814, it cannot be withheld as privileged. *See also, e.g., Ambac Assur. Corp. v. Countrywide Home Loans, Inc.*, 27 N.Y.3d 616, 624, 36 N.Y.S.3d 838, 843 (2016) (proponent of privilege must establish "that the communication is predominantly of a legal character").

b. Consistent with these principles, the defendants are directed to review each document they have withheld as privileged to determine whether the entire document is properly withheld or whether it should be produced in redacted form. They are further directed to include, in their revised log, information sufficient to "describe the nature of the documents,

communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii). Thus, in addition to the information required by Local Civ. R. 26.2, defendants shall include the subject-matter of the document (or of the privileged portions), described in meaningful, non-generic terms. Further, where neither the sender nor any recipient of the communication is an attorney, defendants shall identify each attorney upon whom they rely for their assertion of privilege and the role of that attorney in the privilege claim (*e.g.*, "email describes legal advice provided by attorney John Doe concerning compliance with contract obligations").

3. **Log of Non-responsive Attachments**. Defendants shall produce a log including all "slip-sheeted" email attachments withheld from production as non-responsive (despite production of other documents in the email family) no later than **November 8, 2021**.

4. **Non-testifying Consultants**. Defendants need not, on the present record, produce "documents sufficient to identify" third-party consultants, not expected to testify, retained by their counsel in anticipation of litigation or to prepare for trial. This does not insulate defendants from identifying such a consultant on a privilege log (or the equivalent) if the consultant sent, received, or participated in a privileged communication as to which defendants are otherwise required to identify all participants.

5. **Unauthorized Sur-Replies**. The Court reminds the parties that Judge Moses does

not read or consider unauthorized sur-replies. Should a party wish to file a sur-reply, it must file a letter-motion seeking leave of the Court to do so (to which it may attach the proposed sur-reply). Any such letter-motion must be filed sufficiently in advance of the relevant conference or hearing to allow adequate time for the Court to review the papers.

6. **Phase 1 Discovery**. At the parties' joint request, the Court hereby EXTENDS the deadline for completion of Phase 1 discovery to **December 3, 2021**.

7. **Further Conference**. The Court will hold a further status and scheduling conference on **December 2, 2021**, in Courtroom 20A of the Daniel Patrick Moynihan United States Courthouse. The parties shall file a joint letter no later than **November 29, 2021**, updating the Court as to the progress of Phase 1 discovery, *briefly* outlining any disputes which require judicial intervention, and proposing a schedule for the remainder of discovery.

Dated: New York, New York
October 18, 2021

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**