UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SEAN FLYNN, et al.,
                        Plaintiffs,

                        21 Civ. 614 (LGS)

           -against-

                        ORDER

MCGRAW HILL LLC, et al.,
                       Defendants.
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, on January 11, 2022, the Court issued an Opinion and Order (the "Opinion") dismissing the breach of contract claim and denying Defendants' motion to dismiss the claim of breach of the implied covenant of good faith and fair dealing. Familiarity with the Amended Consolidated Class Action Complaint (the "Complaint") and the Opinion is assumed;

      WHEREAS, on February 25, 2022, Plaintiffs filed a motion for leave to amend the Complaint and attached a proposed Second Amended Consolidated Class Action Complaint (the "PAC"). Plaintiffs argue that the proposed amendments cure deficiencies in the breach of contract claim. Plaintiffs also argue that the motion is timely because they recently received in discovery evidence supporting the proposed new allegations after it had been withheld on privilege grounds. Defendants oppose the amendment;

      WHEREAS, "courts should 'freely give' leave to amend 'when justice so requires'" but district courts have "considerable discretion to deny amendment" if one of several reasons is present, including "futility of amendment." *Knife Rights, Inc. v. Vance*, 802 F.3d 377, 389 (2d Cir. 2015); *accord Metzler Inv. GmbH v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 147 n.4 (2d Cir. 2020). "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Olson v. Major League Baseball*, 29 F.4th 59, 72 (2d Cir. 2022);

WHEREAS, Plaintiffs are authors of textbooks that Defendants publish in print and also offer in electronic form through Defendants' "Connect" platform.  The Complaint and the PAC allege that, from approximately 2009 to 2020, Defendants calculated royalties owed to Plaintiffs based on the full amount Defendants received from customers who purchased electronic versions of textbooks Plaintiffs authored.  The Complaint and PAC allege that, in approximately 2020, Defendants assigned itemized values to three components of the product sold to customers via Connect -- the Connect platform itself, the electronic version of the textbook, and "Derivative Materials" produced by Defendants using the textbook -- and began paying royalties to Plaintiffs based only on the textbook component and part of the Derivative Materials component;

WHEREAS, the Complaint and the PAC both allege that Defendants' actions breach the provisions of the contracts that require Defendants to pay royalties on their "net receipts" from Plaintiffs' "Works."  The contracts define "net receipts" as the "selling price" of the Work less certain enumerated expenses.  "Works" are defined by the titles of the textbooks;

WHEREAS, the Complaint alleges that deducting the purported prices attributable to components other than the textbook from the "selling price" when calculating "net receipts" breached Defendants' duty to pay royalties on "net receipts;"

WHEREAS, the PAC now alleges that defining "selling price" as the price attributable only to the textbook -- excluding the prices of those same non-textbook components -- breaches Defendants' duty to calculate "net receipts" (and hence royalties) based on the "selling price;"

WHEREAS, this amendment would be futile because Plaintiffs' new theory is equally foreclosed by the Opinion, which held that the "selling price" of the "Work" -- and hence the "net receipts" derived from that selling price -- is only the sales price of the textbook itself:

> Plaintiffs are entitled to royalties based on the 'net receipts' of the total sales price of the 'Work.'  Work is defined by the title of the textbook.  Accordingly,

Plaintiffs are entitled to royalties from net receipts on the textbook and no more. Plaintiffs are not entitled to royalties for additional content that Defendants sell with the Work;

WHEREAS, the PAC also alleges several new facts that Plaintiffs assert were uncovered recently in discovery. These new facts purportedly show Defendants' motivation to decrease royalties in order to increase profits, Defendants' internal discussions about how to justify the decision publicly and deliberations about whether to pursue that goal through the "Royalty Reduction Initiative" as ultimately implemented or by other means;

WHEREAS, extrinsic evidence of what Defendants thought the contracts mean or why Defendants adopted the interpretation they did cannot vary unambiguous contract terms. *Banos v. Rhea*, 33 N.E.3d 471, 475 (N.Y. 2015) ("Whether a contract is ambiguous is a question of law, and courts may not resort to extrinsic evidence to aid in interpretation unless the document is ambiguous."); *accord CDC Dev. Props., Inc. v. Am. Indep. Paper Mills Supply Co.*, 184 A.D.3d 623, 624 (2d Dep't 2020). The breach of contract claim in the Complaint was dismissed, and the claim alleged in the PAC is futile, because both are foreclosed by unambiguous contract language. Consequently, amending the Complaint to plead extrinsic evidence would be futile;

WHEREAS, the PAC's other proposed amendments are either superfluous or insufficient to state a claim for breach of contract. It is hereby

**ORDERED** that Plaintiffs' motion for leave to amend is **DENIED**, and the parties' joint letter motion for oral argument is **DENIED** as moot.

The Clerk of Court is respectfully directed to close the motion at Dkt. Nos. 93 and 111.

Dated: August 4, 2022
New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**