UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
SEAN FLYNN, et al.,                                         :
                                    Plaintiffs,             :    21 Civ. 614 (LGS)
                                                            :
            -against-                                       :    ORDER
                                                            :
MCGRAW HILL LLC, et al.,                                    :
                                    Defendants.             :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on September 12, 2022, Defendants McGraw Hill LLC and McGraw Hill Education, Inc. ("McGraw Hill") filed a renewed motion for leave to file under seal certain exhibits and redacted portions of briefs filed in connection with Plaintiffs' motion for leave to file a second amended complaint.  It is hereby

**ORDERED** that the renewed motion to seal is GRANTED.  The documents filed at Dkt. No. 125 and attachments thereto will remain sealed, and only the parties and individuals identified in Appendix to McGraw Hill's letter motion at Dkt. No. 124.  Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute, and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (internal quotation marks omitted); *see also Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.").  Filing the documents with redactions or under seal is necessary to prevent the disclosure of confidential business information that was for the most part not relied upon by the Court in deciding the instant motion and thus is subject to a weaker presumption of public access.  The portions of the documents that McGraw Hill seeks to maintain under seal contain competitively sensitive

information about McGraw Hill's strategy, including strategic priorities and internal deliberations about alternatives, and about McGraw Hill's operations processes used to implement its strategic decisions. The potential harm to McGraw Hill if this information were disclosed to competitors outweighs the presumption of public access particularly where, as here, the information was not material to the Court's exercise of the judicial function in deciding the motion.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 124.

Dated: September 26, 2022
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE