UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                :

SEAN FLYNN, DEAN KARLAN, JONATHAN  :
MORDUCH, DAVID MEYERS and JEAN     :
TWENGE, individually and on behalf of all others :
similarly situated,                     :
                                :
                  Plaintiffs,    :      21 Civ. 614 (LGS)
                            :      21 Civ. 1141 (LGS)
       -against-          :
                            :      **ORDER**
MCGRAW HILL LLC and MCGRAW HILL  :
EDUCATION, INC.,             :
                            :
              Defendants.  :
                            :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Defendants McGraw Hill LLC and McGraw Hill Education, Inc. move to

seal exhibits filed in connection with Defendants' Motion for Summary Judgment.  For the

reasons below, Defendants' motions are granted in part and denied in part without prejudice to

renewal.

**Background**

WHEREAS, on January 22, 2026, Defendants filed a letter motion to file four exhibits

under seal in connection with Defendants' Motion for Summary Judgment.  Plaintiffs do not

oppose this motion.

WHEREAS, on March 5, 2026, Plaintiffs filed a motion requesting that exhibits and

other documents filed in connection with Plaintiffs' Opposition to Defendants' Motion for

Summary Judgment be filed under seal.  Plaintiffs took "no position as to whether redactions or

sealing are appropriate." On March 10, 2026, Defendants filed a letter in support of Plaintiffs' motion to seal.

WHEREAS, on March 13, 2026, Plaintiffs filed a letter partially opposing Defendants' requested list of documents to be sealed. Defendants then withdrew the requests to seal several documents but maintained that sealing of Plaintiffs' Exhibits 47, 48 and 49 and paragraph 301 of Plaintiffs' Local Civil Rule 56.1 counterstatement is appropriate. Plaintiffs do not oppose these sealing requests.

**Applicable Law**

WHEREAS, a three-part inquiry determines whether to seal a document, either in part or in its entirety. *See Olson v. Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The first step is to determine whether the document is "a judicial document subject to the [presumed] right of public access," meaning that the document is "relevant to the performance of the judicial function and useful in the judicial process."[1] *Lugosch*, 435 F.3d at 119. The second step, if the presumption attaches, is to determine the weight of the presumption by assessing "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* The third step is to balance against the presumption any "competing considerations" such as "the privacy interests of those resisting disclosure." *Id.* at 120. In weighing the presumption against competing considerations, a court must consider the "qualified First Amendment right of access" and may seal documents based on this right only "if

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted and all alterations are adopted.

specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.*

WHEREAS, the party moving to place documents under seal bears the burden of showing that higher values overcome the presumption of public access. *See DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997); *accord Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 469 (S.D.N.Y. 2017). Examples of "higher values" include protecting the attorney-client privilege, *Lugosch*, 435 F.3d at 125, "the privacy interests of innocent third parties," *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995), and the confidentiality of sensitive commercial information, *see Ayrton Cap. LLC v. Bitdeer Techs. Grp.*, No. 24 Civ. 5160, 2025 WL 1745680, at *2 (S.D.N.Y. June 24, 2025).

WHEREAS, judicial documents are documents that are "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119. "A document is thus relevant to the performance of the judicial function if it would reasonably have the *tendency* to influence a district court's ruling on a motion." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019).

WHEREAS, the presumption of public access is rebuttable only with "specific, on the record findings . . . that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120. One consideration that may override the presumption of public access is preserving the secrecy of "specific business information and strategies, which, if revealed, may provide valuable insights" to competitors. *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015). "[V]ague and unspecified business concerns, like confidential and related business interactions that could be used by corporate competitors in a detrimental manner, are broad, general, and conclusory

allegations insufficient to justify sealing." *Frontier Airlines v. AMCK Aviation*, No. 20 Civ. 9713, 2022 WL 17718338, at *1 (S.D.N.Y. Dec. 13, 2022).

WHEREAS, "[c]ourts commonly find that documents that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard." *Kewazinga Corp. v. Microsoft Corp.*, No. 18 Civ. 4500, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021); *see BakeMark USA LLC v. Negron*, No. 23 Civ. 2360, 2024 WL 182505, at *4 (S.D.N.Y. Jan. 16, 2024) (sealing the prices of services purchased by a party).

**Discussion**

WHEREAS, Defendants' motions are granted in part and denied in part without prejudice to renewal. All documents at issue are judicial documents. Each document carries a strong presumption of public access. While competing considerations overcome the presumption of public access to portions of the documents, the proposed sealing of certain entire documents is not narrowly tailored.

WHEREAS, first, the documents -- which the parties filed in support of or opposition to Defendants' Motion for Summary Judgment -- are judicial documents to which the presumption of public access attaches. *See Brown*, 929 F.3d at 47 ("[I]t is well-settled that documents submitted to a court for its consideration in a summary judgment motion are -- as a matter of law -- judicial documents to which a strong presumption of access attaches . . . .").

WHEREAS, second, the presumption of public access to each of these documents is strong. "The locus of the inquiry is, in essence, whether the document is presented to the court to invoke its powers or affect its decisions." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139-40 (2d Cir. 2016). "[P]leadings and dispositive motions that

4

qualify as judicial documents bear a particularly strong presumption of public access . . . ." *Giuffre v. Maxwell*, 146 F.4th 165, 177 (2d Cir. 2025) (per curiam).  These documents thus carry a strong presumption of public access.

WHEREAS, third, as explained in more detail below, competing considerations are sufficient to overcome the presumption of public access to portions of several documents. However, Defendants failed to demonstrate that sealing certain documents in their entirety is narrowly tailored to serve the public interest.  *See Lugosch*, 435 F.3d at 120.

*Defendants' January 22, 2026, Letter Motion*

WHEREAS, Defendants' letter motion seeking to seal Defendants' Exhibits 12, 24, 37 and 39 is denied without prejudice to renewal because Defendants have not justified sealing the entire exhibits.  The listed exhibits consist of spreadsheets detailing Defendants' financial information spanning several fiscal years.  Defendants seek to seal the information contained in the spreadsheets to protect "confidential pricing, sales, and other financial data, including its revenue and expenses."  Portions of each of the spreadsheets appear to contain such information. However, other portions contain information that does not appear to be "confidential pricing, sales, [or] other financial data."  Defendants have not independently justified sealing non-financial information.

*Defendants' March 16, 2026, Letter Motion*

WHEREAS, Defendants' letter motion seeking to seal Plaintiffs' Exhibits 47, 48 and 49 and paragraph 301 of Plaintiffs' Local Civil Rule 56.1 counterstatement is granted.  Defendants argue that these materials contain "confidential business and financial information, including internal data regarding [Defendants'] pricing, sales, revenue, and expenses."  A review of the

documents confirms that they are consistent with Defendants' representation and warrant sealing in their entirety.  It is hereby

ORDERED that Defendants' motion at Dkt. No. 200 is DENIED without prejudice to renewal.  By May 28, 2026, Defendants shall refile any renewed motion to seal Exhibits 12, 24, 37 and 39.  It is further

ORDERED that Plaintiffs' motion at Dkt. No. 204 is DENIED as superseded by Defendants' motions at Dkt. Nos. 215 and 220, which are GRANTED as to Exhibits 47, 48 and 49 and the Local Civil Rule 56.1 counterstatement and otherwise DENIED as withdrawn.  By May 28, 2026, Plaintiffs shall refile the Local Civil Rule 56.1 counterstatement on the public docket with the approved redactions.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 200, 204 and 219 (No. 21 Civ. 614) and Dkt. No. 75 (No. 21 Civ. 1141).

The Clerk of Court is respectfully directed to lift the seal on Dkt. No. 205 and all exhibits attached to Dkt. No. 207 except Dkt. Nos. 207-47, 207-48 and 207-49.  For clarity, Dkt. Nos. 207-47, 207-48 and 207-49 shall remain under seal.

Dated: May 21, 2026
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

6