**Patterson Belknap**

www.pbwt.com

May 28, 2026

**By ECF**

Hon. Lorna G. Schofield
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

> Re:   *Flynn v. McGraw Hill LLC*, No. 21-cv-614 (LGS)
>        **Renewed Letter Motion to File Documents Under Seal**

Dear Judge Schofield:

Defendants McGraw Hill LLC and McGraw Hill Education, Inc. (together, "McGraw Hill") make this renewed letter motion for permission to file under seal four exhibits filed in connection with McGraw Hill's motion for summary judgment. McGraw Hill makes this motion pursuant to the Court's May 21, 2026 order (the "Order") (Dkt. No. 226), which denied without prejudice McGraw Hill's previous request,[1] as well as pursuant to Rule I.D.3 of the Court's Individual Rules.

Consistent with the Order, McGraw Hill has limited its present request to seal to information that reflects McGraw Hill's confidential pricing and financial information. *See* Order at 4–5. To that end, McGraw Hill no longer seeks to seal the documents in their entirety, and instead proposes redactions that are narrowly tailored to protect its commercially sensitive information. Appendix A to this letter motion lists the documents subject to this renewed request to seal.[2]

## I.    Legal Standard

Although there is a presumptive right of public access to judicial documents, that right is not absolute. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). Courts routinely seal documents to prevent the disclosure of confidential or sensitive business information. *See, e.g.*, *Allianz Glob. Invs. GmbH v. Bank of Am. Corp.*, No. 18-cv-10364, 2021

---

[1] Plaintiffs did not oppose this request.

[2] Pursuant to Rule I.D.3 of the Court's Individual Rules, McGraw Hill has publicly filed the documents listed in Appendix A with proposed redactions and also contemporaneously filed under seal the unredacted documents with proposed redactions highlighted.

Patterson Belknap Webb & Tyler LLP    1133 Avenue of the Americas, New York, NY 10036    T 212.336.2000    F 212.336.2222

Hon. Lorna G. Schofield
May 28, 2026
Page 2

WL 2011914, at *1 (S.D.N.Y. May 20, 2021) (Schofield, J.) (granting motion to seal "to prevent the unauthorized dissemination of confidential business information").  Confidential or sensitive business information subject to sealing may include "financial metrics (such as pricing, costs, revenue, and profits) . . . and other similar information." *Valassis Commc'ns, Inc. v. News Corp.*, No. 17-cv-7378, 2020 WL 2190708, at *4 (S.D.N.Y. May 5, 2020); *see also Blackboard Inc. v. Int'l Bus. Machs. Corp.*, No. 21-cv-7165, 2021 WL 4776287, at *2 (S.D.N.Y. Oct. 12, 2021) (Schofield, J.) (approving narrowly tailored redactions of "confidential pricing and financial information"); *Binh Thanh Imp. Exp. Prod. & Trade Joint Stock Co. v. Amazon.com Servs. LLC*, No. 23-cv-292, 2024 WL 418139, at *1 (S.D.N.Y. Feb. 2, 2024) (Schofield, J.) (sealing "materials concerning the defendants' marketing strategies, product development, costs and budgeting" (internal quotation marks omitted)).

## II.    McGraw Hill's Renewed Request to Seal Is Narrowly Tailored to Competitively Sensitive Confidential Pricing and Financial Information

McGraw Hill's present request seeks to redact certain information reflecting its confidential pricing, sales, and other internal financial data, including its revenue and expenses. This information is non-public, and its disclosure would cause competitive harm by revealing McGraw Hill's pricing agreements, revenue streams, and expense structures to McGraw Hill's competitors and contractual counterparties. *See Kewazinga Corp. v. Microsoft Corp.*, No. 18-cv-4500, 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021) (granting motion to redact "details of Microsoft's sources of revenue and the amounts of its revenue and sales"); *Hypnotic Hats, Ltd. v. Wintermantel Enter., LLC*, 335 F. Supp. 3d 566, 600 (S.D.N.Y. 2018) ("categories commonly sealed" include "revenue information [and] pricing information").  Moreover, the pricing and financial information McGraw Hill seeks to seal is recent (i.e., from 2019 to 2025) and thus, if revealed, is particularly likely to impair McGraw Hill's competitive standing.  *See United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts.").  McGraw Hill's request to seal, which seeks to redact only McGraw Hill's commercially sensitive financial information, is narrowly tailored, limited in scope, and necessary to protect McGraw Hill's confidential business information from disclosure.

## III.    Requested Relief

For these reasons, McGraw Hill respectfully requests that the Court seal the sensitive pricing and financial information contained in the documents identified in Appendix A, as reflected in the redactions to those documents being filed contemporaneously with this letter motion.[3]  We thank the Court for its consideration of this request.

---

[3] Pursuant to Rule I.D.3 of the Court's Individual Rules, Appendix B identifies all parties and attorneys of record who should have access to the sealed material.

Hon. Lorna G. Schofield
May 28, 2026
Page 3

Respectfully submitted,

**PATTERSON BELKNAP WEBB &
TYLER LLP**

*/s/ Saul B. Shapiro*
Saul B. Shapiro
Joshua Kipnees
Andrew Haddad
Alexandria Piacenti

1133 Avenue of the Americas
New York, NY 10036
Tel.: (212) 336-2163
Fax: (212) 336-2396
sbshapiro@pbwt.com
jkipnees@pbwt.com
ahaddad@pbwt.com
apiacenti@pbwt.com

*Attorneys for Defendants McGraw Hill LLC
and McGraw Hill Education, Inc.*

cc:     All counsel of record (via ECF)

Application **GRANTED**.  A three-part inquiry determines whether to seal a document.  *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  At the first and second steps, the exhibits submitted in connection with Defendants' motion for summary judgment are judicial documents subject to a strong presumption of public access.  At the third step, competing considerations -- here, the protection of Defendants' confidential pricing and financial information, disclosure of which may harm Defendants -- outweigh the presumption of public access.  Defendants' proposed redactions are "narrowly tailored to serve that [confidentiality] interest."  *Lugosch*, 435 F.3d at 120.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 228.

Dated: May 29, 2026
     New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

Hon. Lorna G. Schofield
May 28, 2026
Page 4

**Appendix A**

| Exhibit | Description | Reason for Redactions |
|---|---|---|
| 12 | Excel spreadsheet summarizing McGraw Hill's standalone ebook sales and Connect bundle sales. | • Confidential pricing and financial information. |
| 24 | Excel spreadsheet summarizing McGraw Hill's Connect platform pricing, revenue, and sales data. | • Confidential pricing and financial information. |
| 37 | Excel spreadsheet summarizing McGraw Hill's hosting costs for the Connect platform and McGraw Hill Reader application. | • Confidential pricing and financial information. |
| 39 | Excel spreadsheet summarizing McGraw Hill's textbook publication costs. | • Confidential pricing and financial information. |

Hon. Lorna G. Schofield
May 28, 2026
Page 5

## Appendix B

**Parties Who Should Have Access to the Sealed Documents:**

- Sean Flynn

- Jonathan Morduch

- Dean Karlan

- David Myers

- Jean Twenge

- McGraw Hill LLC

- McGraw Hill Education, Inc.

**Attorneys of Record Who Should Have Access to the Sealed Documents:**

- All counsel of record